**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

GREGORY JAMES VAN ETTEN,　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　　**CIVIL ACTION**
　　　　　　　　　　　　　　　　　)　　　　**No. 4:24-40066-DHH**
CHILD SUPPORT ENFORCEMENT　　　　)
DEPARTMENT OF REVENUE,　　　　　　)
　　　　Respondent.　　　　　　　　)
　　　　　　　　　　　　　　　　　)
_____)

**REPORT AND RECOMMENDATION**

**May 24, 2024**

On April 26, 2024, Petitioner Gregory James Van Etten filed the instant petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to vacate a child support order issued by

the Worcester Probate and Family Court.  (Docket #1).  Section 2254 provides relief for persons

"*in custody* pursuant to a judgment of a State Court" if that person can prove that they are "*in*

*custody* in violation of the Constitution of the laws or treaties of the United States."  28 U.S.C.

§ 2254(a) (emphasis added).  The statute requires "that the habeas petitioner be 'in custody' under

the conviction or sentence under attack at the time his petition is filed."  Maleng v. Cook, 490 U.S.

488, 490-91 (1989).  Thus, for this court to have jurisdiction over Van Etten's petition, he must

have been "in custody" under the sentence that he is attacking at the time his petition was filed.

In his petition, Van Etten states "Non Prisoner Restriction of Liberty Worcester MA" under

"Place of Confinement."  (Docket #1 at 1).  There are no allegations in the petition that he is

incarcerated or that he has ever been so and in response the question "Length of Sentence," Van

Etten answered, "No Length set," and left blank the question that asked for the date of sentencing.

(Id.).  In light of Van Etten's failure to allege that he was "in custody" at the time of his petition,

the undersigned ordered Van Etten to show cause why his petition should not be referred to a district judge for dismissal for lack of jurisdiction.  (Docket #4).

On May 9, 2024, Van Etten responded to the undersigned's show cause order.  (Docket #7).  Van Etten stated that he was under moral duress due to the Defendant's continued levy of undisclosed fees and interest.  (Id. at ¶¶ 6, 8).  Van Etten also argues that this court has jurisdiction over his petition as arrest is a potential remedy for non-payment of his child support judgment.  (Id. at ¶ 7).

The Supreme Court has generally interpreted the phrase "in custody" broadly to apply to not only physical imprisonment but also to "other restraints on a man's liberty [that are] not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963).  However, even under this broad interpretation, Van Etten has failed to allege that he was "in custody" at the time of his petition.

First, Van Etten does not allege that he has ever been incarcerated or on probation due to the challenged child support order.  Second, requiring Van Etten to make child support payments does not make him "in custody" for purposes of habeas relief.  See Watson v. Dolan, No. 22-cv-10771-ADB, 2023 U.S. Dist. LEXIS 124054, at *5 (D. Mass. July 19, 2023) (citing Sevier v. Turner, 742 F.2d 262, 269 (6th Cir. 1984) (holding that a civil judgment requiring petitioner to pay child support does not constitute custody); Galbo v. Tirri, 972 F. Supp. 292, 293-94 (D.N.J. 1997) (holding that petitioner's obligation to "make the child support payments through the Probation Department does not impose a restraint on his liberty so pervasive as to fulfill the 'custody' requirement of 28 U.S.C. § 2254(a)").  Finally, although arrest may be a potential remedy for non-payment of Van Etten's child support judgment, this potential remedy that does not pose the imminent threat of restraint is not sufficient to place Van Etten in custody.  See Tinder

v. Paula, 725 F.2d 801, 803 (1st Cir. 1994) ("habeas is not available as a remedy for fine-only convictions although the defendant remains subject to the supervision of the court and failure to pay the fine could result in incarceration").

## CONCLUSION

Accordingly, the undersigned directs the Clerk to reassign this matter to a district judge and recommends that the instant action be dismissed, sua sponte, for lack of jurisdiction.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to" a habeas petitioner.  Rules Governing Section 2254 Cases, R. 11(a).  Because Van Etten is not "in custody," the undersigned further recommends that no certificate of appealability be issued.[1]  See 28 U.S.C. § 2253(c)(2).

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation.  The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b)(2).  The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).